UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SUBI MEHMETI,

                Plaintiff,      **ORDER**
                                            23-CV-2046 (WFK) (LB)

    v.

STEWART LEE KARLIN,

                Defendant.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

        On March 16, 2023, Stewart Lee Karlin ("Defendant"), by counsel, filed a Notice of Removal purporting to remove to this Court an action filed on February 15, 2023 by Subi Mehmeti ("Plaintiff") under Index No. 100122/2023 in the Supreme Court of New York, County of New York. ECF No. 1. For the reasons set forth below, the action is remanded to the New York County Court pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

        Plaintiff has a long history of litigation in this Court related to his 2012 termination by his employer, Jofaz Transportation, Inc. ("Jofaz"). *See Mehmeti v. Jofaz Transportation, Inc.*, 21-CV-5993 (WFK) (LB), 2021 WL 5298479, at *1 (E.D.N.Y. Nov. 3, 2021) (Kuntz, J.) (dismissing Plaintiff's claims brought pursuant to the Family and Medical Leave Act ("FMLA") as precluded by *res judicata*, describing his history of litigation against his former employer and his own former attorneys, and warning future filings related to his 2012 termination and related litigation could result in sanctions), *appeal dismissed sub nom. Mehmeti v. Karlin*, 21-2810, 2022 WL 1462295 (2d Cir. Mar. 10, 2022).

        After this Court warned Plaintiff against further filing in this Court in matters related to his 2012 termination, he turned to state court. On March 24, 2022, Plaintiff filed a complaint

under Index Number 100342/2022 against Jofaz and two of his former attorneys. *Mehmeti v. Jofaz Transportation, Inc., et al.*, 22-CV-2016 (WFK) (LB) (Kuntz, J.). Specifically, Plaintiff brought claims against Jofaz for "discrimination and retaliation" as well as claims under the FMLA. Plaintiff further alleged two of his former attorneys, including Defendant, failed in their representation of him in prior federal actions against Jofaz. *Id.* Upon removal of the action to this Court, the Court granted the motion to dismiss. *Mehmeti v. Jofaz Transportation, Inc., et al.*, 22-CV-2016 (WFK) (LB), slip op. (E.D.N.Y. Feb. 9, 2023) (Kuntz, J.) (dismissing Plaintiff's claims under *res judicata* and directing Plaintiff to show cause within 30 days "why he should not be barred from filing any additional actions in this Court related to his 2012 termination."). On March 10, 2023, upon Defendant's request, this Court also granted Defendant's request to bar Plaintiff from filing any additional actions in this Court related to his 2012 termination. 22-CV-2016, ECF No. 29.

On February 15, 2023, Plaintiff filed yet again, this time in New York County Supreme Court under Index No. 100122/2023. Only Defendant is named in Plaintiff's state complaint, in which Plaintiff alleges Defendant misrepresented him in his federal civil action against Jofaz. Notice of Removal, ECF No. 1 at 4. In particular, Plaintiff claims Defendant's "devilish crimes" and "premeditated criminal act" were responsible for making Plaintiff's original complaint against Jofaz "worthless to be tried." *Id.* at 5-6. Plaintiff also asserts Defendant's actions "denied [his] constitutional rights to a trial under federal laws," and "caused [him] considerable economic damage over the years, and irreparable health damage." *Id.* at 6. In his state action, Plaintiff seeks from Defendant unspecified "costs and disbursements, together with any other relief." *Id.* at 6-7. Although Plaintiff's state pleading references his prior federal action, in which he alleged discrimination, retaliation, and violations of the FMLA, Plaintiff does not

2

presently bring FMLA claims against Defendant. Instead, Plaintiff's allegations appear grounded on a malpractice claim stemming from Defendant's previous representation.

Defendant now seeks to remove the state court action to this Court, asserting original federal jurisdiction under the FMLA. Notice of Removal at 1. Specifically, Defendant's Notice of Removal requests "this Court proceed with this case as if originally initiated in this Court." *Id.* at 2. On March 21, 2023, Defendant filed a motion to dismiss with this Court, arguing Plaintiff's state claims were frivolous under the doctrines of *res judicata* and collateral estoppel and requesting additional sanctions be levied against Plaintiff. ECF No. 5.

## DISCUSSION

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The removal statute provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c).

The instant Notice of Removal fails to provide a valid jurisdictional basis for removal. Although Defendant asserts the state court action was brought pursuant to the FMLA, it clearly was not. The complaint in Index No. 100122/2023 names only Defendant in his capacity as Plaintiff's former attorney, claiming Defendant's representation "caused [Plaintiff] considerable economic damage . . . and irreparable health damage." Compl., ECF No. 1. While these allegations may suggest a state law malpractice claim, they do not establish a basis for this Court's subject matter jurisdiction. It is possible Plaintiff's claims against Defendant are precluded by *res judicata*, time barred by the statute of limitations for malpractice actions, and meritless, as Defendant argues. However, those are considerations for the state court to address.[1]

---

[1] The Court notes this action was also improperly removed to the incorrect court. "Where a ground for removal exists, the removal may be properly made 'to the district of the United States for the district and division embracing the place where such action is pending.'" *Cardona v. Mohabir*, 14-CV-1596 (PKC), 2014 WL 1088103, at *1 (S.D.N.Y. Mar. 18, 2014) (Castel, J.) (quoting 28 U.S.C. § 1441(a)). "Courts in the Second Circuit, however, have recognized that removal to the wrong federal district is a defect in venue, not jurisdiction, and therefore a plaintiff may waive objections to improper removal." *Kennedy v. LaCasse*, 17-CV-2970 (KMK), 2017 WL 3098107, at *6 (S.D.N.Y. July 20, 2017) (Karas, J.) (citing cases). "An improper designation of venue may be remedied by transferring the action to the proper district." *Jackson v. City of New York*, 07-CV-519 (ILG) (RER), 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007) (Rita, J.) (citations omitted).

## CONCLUSION

Finding this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against Defendant, which arise exclusively under state law, the Court hereby REMANDS this action to New York County Supreme Court pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of New York; to mail a copy of this Order to Plaintiff; and to close the case in this Court.

SO ORDERED.
s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 23, 2023
         Brooklyn, New York